(No. 75-CC-0554—

GEORGE J. KUTSELAS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 28, 1978.*

RICHARD McPARTLIN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JEROME FELSENTHAL, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

In his complaint, Claimant seeks an allowance for back salary for the period of time from July 1, 1969, to August 1, 1971, under the following facts:

Claimant had been employed by State of Illinois Department of Revenue performing duties as Revenue Inspector III. On January 21, 1969, he had reached pay schedule referred to as Step 5 for the position. This amounted to $675.00 a month.

On January 21, 1969, he was laid off from his position for alleged "lack of work resulting from a material change in organization."

On July 1, 1969, the Director or Revenue created positions entitled "Revenue Collection Officers I, II, and III." The duties of Revenue Collection Officer I, as created July 1, 1969, involved substantially the same duties as Claimant performed formerly as Revenue Inspector III.

On November 26, 1969, Claimant filed an Intervening Complaint for Declaratory Judgment in a case pending in the Circuit Court of Cook County. He asked the Court to reinstate him to his former position and for payment of back salary for the period of time which he claimed was an illegal lay off. On May 22, 1974, the Circuit Court found that the position of Revenue Collection Officer III, formerly occupied by Claimant, was the same position as Revenue Collection Officer I in the Department of Revenue, as created July 1, 1969. The Court further found that the Claimant was to be reinstated with full service status and with full credit for seniority, pension and all other purposes from the time of the original appointment as Revenue Collection Officer III, except for the period of time of his lay off in January 1, 1969, to July 1, 1969. The Court further ordered that the reinstatement was without prejudice

of Claimant's right to file suit in the Court of Claims for any back salary.

It was agreed that Claimant is entitled to compensation from July 1, 1969, to August 1, 1971; but the amount is in dispute. It was further agreed that Claimant's outside earnings for this period were $13,486.00, and that this should be set off from any salary he was entitled to.

The Claimant argues that the correct monthly salary from July 1, 1969, was $778.00 a month, being the rate for Step 5.

Respondent contends that the proper monthly rate was $625.00, being the rate for Step 1 at that time.

When Claimant was laid off in January, 1969, he was receiving $675.00 a month, being rate at Step 5 for his position.

If Claimant is correct, he is entitled to $6,481.00. If Respondent is correct, Claimant is entitled to $3,114.00. This assumes also that the record is clear that the correct set off is $13,486.00.

The whole dispute resolves itself in the one question. Was Claimant entitled to a Step 5 rate from July 1, 1969, or was he limited to a Step 1 rate?

The State argues that to determine the salary at Step 5 rate of $778.00 a month from July 1, 1969, would be tantamount to an increase of $103.00 over what he was making in January of 1969 when laid off. Further, it argues that upon the creation of the posts of revenue collection officers on July 1, 1969, the majority of persons hired were employed at $625.00 per month, which was the Step 1 rate.

Claimant argues that the Circuit Court had held

that Claimant was entitled to be reinstated under the title of revenue collection officer I on July 1, 1969. He further points out that the salary for Step 5 for revenue collection officer I was $778.00 as appears in the pay plan introduced in evidence; that the pay plan provided for a certain increase effective September 1, 1970; that, therefore, his back salary should be figured at $778.00 a month starting July, 1969, to September, 1970, and at the rate of $825.00 a month from September 1, 1970, to August 1, 1971, the cut-off date of his claim.

Under the position taken by Respondent, Claimant would be compelled to take a reduction in salary upon his reinstatement, since he was making $675.00 a month when laid off and the pay for Step 1 after July 1, 1969, was only $625.00 a month.

Witness John E. Cooke, employed as a Personnel Analyst for the Department of Personnel, State of Illinois, testified that there was actually nothing specifically in the pay plan which covered a situation where a Court held that where one job was presumably abolished it was not actually in effect abolished but was continued on under a new title. He further testified that if Claimant left in good standing and was reinstated, that his reinstatement would be to his comparable Step regardless of what the salary would be.

Ultimately, the issue is whether the old job was reestablished or whether a new job was created.

Our position is, based on the record before us, that since the duties of the new job and the old job were substantially the same, as the Court held, that the new job was a re-creation of the old job. Therefore, Claimant is entitled to a Step 5 rate of $778.00 a month starting July 1, 1969, with increases effective thereafter.

Respondent also argued that Claimant had a duty

to mitigate his damages and that he failed to prove mitigation completely.

It has been held that when an employee is wrongfully discharged, in his suit for back salary, the burden of proving earnings to mitigate the loss of salary is on the State. *See People v. Johnson, 32 Ill. 2nd 324; 205 N.E.2nd 470, 473.*

The proof in this case established that the Claimant had earned $13,486.00 as outside earnings during the period of his lay off. Deducting this from $19,967.00, the total lost salary at Step 5 rate, leaves a balance due him for back salary of $6,481.00.

The Court was advised by its Commissioner, who heard the evidence, that the Claimant "was not paying Social Security at the time of his termination; that he no longer desires to be employed by the State; and that no further consideration should be made at this time regarding his pension contributions".

Claimant is hereby awarded the sum of $6,481.00 in payment of back salary, and said award will be subject to any and all Federal income tax and State income tax deductions.